JOSEPH F. LAWRENCE, SR. *vs.* AETNA CASUALTY & SURETY COMPANY.

JUNE 22, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is a petition brought in the superior court under the workmen's compensation act, general laws 1938, chapter 300, by an employee against his employers and their insurer to have the respondents adjudged in contempt for their failure to make certain weekly payments to him. The petition was originally brought against the insurer alone but at the hearing thereon in the superior court the petitioner's employers were by consent made parties respondent. Following that hearing the superior court entered a decree adjudging the respondents in contempt, from which entry they duly prosecuted their appeal to this court.

The following facts are not disputed: On August 20, 1941 the petitioner, a carpenter, received an injury to his knee by accident arising out of and in the course of his employment. Following the filing by him in the office of the director of labor of a petition for compensation he and the respondents on February 19, 1942 entered into a preliminary agreement for compensation in accordance with the provisions of the workmen's compensation act. This agreement provided, among other things, that the petitioner should receive compensation from the respondents at the rate of $20 per week "from and including the 28th day of August, 1941 until terminated in accordance with the provisions of the Workmen's Compensation Law of the State of Rhode Island."

Thereafter the petitioner's employers filed a petition to review the above-mentioned preliminary agreement on the ground that his total disability had decreased sufficiently to permit him to return to work and to warrant a readjustment

of the amount of his weekly compensation payments. This petition was heard in the office of the director of labor July 22, 1942 and a decision thereon was filed August 13, 1942. This decision did not determine specifically to what extent the petitioner's disability to work had diminished. It did contain the following finding and order:

"We find from the testimony submitted in this case that both the petitioner and the respondent now agree that the disability of the respondent has diminished and that work resumption by the respondent is now advisable. We, therefore, order that if petitioner will furnish the respondent with work at his trade as a carpenter, but without any involvement of climbing, then respondent shall undertake such work, and for such weeks of his employment as respondent's weekly earnings shall prove to be less than his weekly earnings were prior to his injury, compensation payments by the petitioner to the respondent shall be adjusted in accordance with Article II, Section 11 of the Workmen's Compensation Act, and for such weeks of respondent's employment as respondent's weekly earnings shall be no less than were his weekly earnings prior to his injury, petitioner may suspend compensation payments to the respondent." No appeal was taken by any of the parties from this decision.

The petitioner was paid compensation at the rate of $20 per week as provided for in the preliminary agreement from August 28, 1941 up to November 16, 1942 at which time he was given work by his employers. This work continued until April 29, 1943, when there was a general layoff of employees. During the period while he was thus working the petitioner, under the terms of the decision of August 13, 1942, was paid no compensation, since his weekly wages were greater than those received by him at the time of and prior to his injury. However, since the petitioner ceased work for his employers on April 29, 1943, as above set out, the respondents have refused to pay him any further weekly compensation. It is because of their failure in this regard that the instant petition was filed. The decree entered in

the superior court and now before us on the respondents' appeal adjudged them to be in contempt and provided that they might purge themselves of such contempt by paying the petitioner the sum of $20 per week from April 29, 1943 until and including October 27, 1943, the date of the hearing in the superior court on this petition.

In support of their contention that it was error to enter the above decree the respondents argue that the order of August 13, 1942, hereinafter referred to as the order, completely superseded the preliminary agreement of the parties for compensation and was in substitution thereof; that their rights and obligations were to be determined by the language of such order only; and, therefore, that on April 29, 1943 and subsequent thereto there was in effect no order of the director of labor nor any agreement of the parties which required the respondents to pay any sum to the petitioner when his employment terminated. We do not agree with this contention.

The order did not in terms specifically vacate the preliminary agreement. Also, between August 13 and November 16, 1942, when the petitioner went to work again, the parties by their own conduct recognized the validity and binding effect of the preliminary agreement, since between those dates the respondents regularly paid the petitioner compensation at the rate of $20 per week. We are of the opinion that the order merely provided the parties with a method, if they saw fit to employ it, of temporarily adjusting or suspending, as the case might be, the provisions of their preliminary agreement under certain stated conditions and circumstances which, it so happened, existed between November 16, 1942 and April 29, 1943. The order was not in substitution for the preliminary agreement and did not supersede it. Indeed, that agreement remained in full force and effect at all times and, until clearly modified or terminated according to law, was the basic agreement between the parties in respect to their rights and obligations.

In our judgment it may not be argued successfully that the director of labor and the parties intended that a compliance by the respondents with the stated terms of the order, for however short a time, satisfied and terminated all relations between the parties and fully discharged all of the respondents' obligations and duties toward the petitioner until some further action on his part. It is our conclusion that the order carried with it the reasonable and necessary implication that when circumstances did not permit the application by the parties of its terms then the provisions of their preliminary agreement should be operative. Any other construction of the order would be narrow and unreasonable.

The respondents also urge that the petition merely alleged that the respondents were in contempt for failure to comply with the terms of the order in question and that, as they have fully complied with such terms, the petition should be denied. The respondents take nothing by this contention. The order and the preliminary agreement must be considered together in determining the rights and obligations of the parties. As above stated, it was obviously the intention that when the peculiar facts and circumstances which gave effect to the order ceased to exist the respondents' obligation under the preliminary agreement, which was the fundamental arrangement for compensation between the parties, should continue.

Under the circumstances, the fact that the petitioner did not refer specifically in his petition to a failure by the respondents to comply with the provisions of the preliminary agreement is not such a vital defect as would prevent the trial justice from finding as he did and from entering the decree in question. The order and the preliminary agreement in effect both dealt with the rights and obligations of the parties as one matter. The allegation in the petition, in substance, that the respondents had failed to resume payments to the petitioner after his employment terminated

and that such failure amounted to a noncompliance with the order was sufficient.

We find no error in the decision of the trial justice.

The respondents' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Eugene J. Sullivan, Jr., Lisker, Sullivan & Lisker,* for petitioner.

*Hinckley, Allen, Tillinghast & Wheeler, S. Everett Wilkins, Jr.,* for respondent.