THEODORE OLBRYS *vs.* CHICAGO BRIDGE & IRON CO.
THEODORE OLBRYS *vs.* CHICAGO BRIDGE & IRON CO.

JUNE 5, 1959.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

188

ROBERTS, J. This is a proceeding wherein the petitioner on February 13, 1958 filed a motion with the workmen's compensation commission seeking to vacate a decree of the commission entered on December 1, 1954. After a hearing thereon the trial commissioner entered a decree denying the motion. From that decree the petitioner appealed to the full commission which entered a decree on October 7, 1958 affirming the decree of the trial commissioner. From that decree the petitioner has appealed to this court.

It appears from the record that the employee was injured on June 16, 1947 while employed by respondent. Thereafter the parties entered into a preliminary agreement which was approved by the deputy director of labor on July 31, 1947. That agreement provided for the payment of compensation for the duration of the employee's total incapacity at the rate of $20 weekly. It is not disputed that after making three such payments under the agreement the employer made no further payments after July 8, 1947. There is nothing in the record which indicates that the employer was relieved of his obligation under the agreement in accordance with any pertinent provision of the act.

The record further discloses that on September 21, 1954 the employee petitioned the commission "to hear and consider the question of" his "Present Disability" on the ground that the "Employer Refuses To Pay Compensation." On December 1, 1954 a consent decree was entered in which the commission found that as a result of his injury petitioner had been partially disabled since July 8,

1947. This was the date upon which respondent had ceased making payments to petitioner for total incapacity under the preliminary agreement. The December 1, 1954 decree then ordered payment of compensation for partial incapacity in the amount of $2.25 weekly retroactive to July 8, 1947. This decree was not appealed, and respondent made payments of compensation for partial incapacity in accordance therewith.

Neither the petition of September 21, 1954 nor the consent decree of December 1, 1954 makes any reference to the preliminary agreement of 1947. This agreement was brought in issue before the commission for the first time in February 1958 when petitioner filed his motion to vacate the decree of December 1, 1954. As stated, after the denial by the full commission of the motion to vacate, petitioner appealed to this court.

While his appeal therein was pending, petitioner sought permission of this court to file a petition for a writ of certiorari for the purpose of quashing the record of the entry of the decree of December 1, 1954. This court granted permission to file the petition for the writ, which was issued, and in compliance therewith the commission has certified to this court the record of the proceedings in this cause.

In denying petitioner's motion to vacate the decree of December 1, 1954, the commission held that such decree was valid and that it had become final. The decision of the commission presents two questions on this appeal: First, whether the decree of December 1, 1954 was a binding determination of respondent's obligation to pay compensation; and second, whether, if the decree was invalid, the commission now has the power to vacate that decree. In the interest of clarity we shall treat these questions separately.

It is settled in this jurisdiction that a preliminary agreement under the workmen's compensation act acquires the full force and effect of a decree. *Carpenter* v. *Globe In-*

*demnity Co.*, 65 R. I. 194. It is also clear that the power to alter an outstanding preliminary agreement is narrowly confined to the procedures specifically prescribed by the act. *Landry* v. *Cornell Construction Co.*, 87 R. I. 4, 137 A.2d 412. In the instant case there was a preliminary agreement outstanding at the time of the proceeding in December 1954. That preliminary agreement fixed respondent's obligation to pay compensation. Thus the decree of December 1, 1954 could affect the outstanding preliminary agreement only if such decree conformed to the procedural provisions of the act. *Landry* v. *Cornell Construction Co., supra.*

The petition filed by the employee in 1954 was entitled a petition "to hear and consider the question of * * * Present Disability." The commission treated this as a petition to review a preliminary agreement authorized by general laws 1956, §28-35-45. If the petition could properly be considered a petition to review within the meaning of the act, then the power of the commission to act upon a preliminary agreement would have been validly invoked. In our judgment it is clear that the employee's petition of 1954 cannot be construed as a petition to review within the meaning of the above statute.

It has been held that an employee may bring a petition to review a diminution of his own incapacity. *Starnino* v. *George A. Fuller Co.*, 72 R. I. 91, 99. In the instant case, however, neither the employee's petition nor the consent decree of December 1, 1954 makes any reference whatever to a preliminary agreement. The petition is unorthodox in form and seems to be a petition for partial incapacity benefits. See *Esposito* v. *Walsh-Kaiser Co.*, 74 R. I. 31. Since the preliminary agreement was not specifically referred to in the decree, if permitted to stand the decree could affect the preliminary agreement only indirectly by ignoring it and substituting a different award of compensation retroactively for a period of approximately seven years. Under the principles enunciated and applied in

*Landry* v. *Cornell Construction Co., supra,* we are of the opinion that the commission has no authority to deal with a preliminary agreement in this manner. Whatever may have been the nature of the petition filed by the employee in 1954 it was clearly not a petition to review a preliminary agreement within the meaning of §28-35-45.

At the time the decree was entered in 1954 the respondent employer had been in default of the preliminary agreement for over seven years. It is a basic rule in this state that an employer who is in default of a preliminary agreement is not entitled to relief until he has removed the default by making the payments which are due. *Gobeille* v. *Ray's Inc.,* 65 R. I. 207; *Hingeco Mfg. Co.* v. *Haglund,* 65 R. I. 218. Although the 1954 petition was brought by the employee it is obvious that it was the employer who in fact obtained relief. In 1954 the employer was under an obligation to pay $20 per week and could not legally obtain a reduction in this obligation until it had made all the back payments due under the outstanding agreement. In our judgment it would frustrate the statutory objectives to permit the employer to obtain a relief to which it is not entitled simply because of inadvertence on the part of the employee.

In its brief respondent urges us to treat the 1954 petition as a petition for partial incapacity benefits and refers us to the case of *Esposito* v. *Walsh-Kaiser Co., supra.* We are of the opinion that respondent's argument disregards the outstanding preliminary agreement. Since the preliminary agreement of 1947 had not been modified or terminated legally, a petition for partial incapacity benefits was not in order. In the *Esposito* case the preliminary agreement had properly been terminated in accordance with the procedures prescribed by the act. In the case at bar respondent's obligation under the preliminary agreement remained unaltered at the time of the 1954 petition, and no petition of any kind could afford the employer relief until it had

removed the default. Therefore the decree of December 1, 1954 purporting to award partial compensation benefits of $2.25 a week was a nullity. There was an outstanding agreement to pay $20 a week and until this agreement was acted upon in accordance with the provisions of §28-35-45, it remained in full force and effect.

We have considered the question of whether the entry of the decree of December 1954 amounted to a waiver by the employee of his right to receive compensation in accordance with that agreement. Under the provisions of §28-33-26 of our act, waivers of compensation provided for in the act are held to be invalid. Without deciding the extent to which this section prohibits waivers of compensation on the part of an employee, we are certain that it renders invalid an attempt by an employee to waive compensation to which he is entitled under a preliminary agreement in full force and effect. Such an attempt to waive the terms of the agreement would be clearly an attempt to terminate the agreement outside of the pertinent provisions of the act.

We are thus faced with the question of the power of the commission to vacate the decree entered on December 1, 1954. In the light of our conclusion that such decree was ineffective to alter the preliminary agreement, we hold that the commission should have granted the motion to vacate the decree.

Since the decree of 1954 was as a practical matter a nullity it must be disregarded. It is perhaps true, as respondent suggests, that the usual practice would be a petition to hold the employer in contempt for failure to make payments under the outstanding preliminary agreement. Nevertheless we cannot agree with the respondent's argument that the commission is without authority to vacate the decree upon motion. Having concluded that the decree was ineffective, it follows that the commission should have vacated it. Otherwise we would have to hold that the

commission has no power to vacate a decree which it had no authority to enter, and we are of the opinion that such a result would be unreasonable. Inasmuch as the decree of December 1, 1954 was without legal effect, the commission could employ a procedure calculated to disregard that decree and to proceed under the outstanding preliminary agreement. The granting of the motion to vacate will place the parties in the position which they occupied under the preliminary agreement.

Because of the conclusion which we have reached on the appeal of the employee from the entry of the decree of October 7, 1958, it will not be necessary for us to pass upon the merits of the employee's petition for a writ of certiorari.

The petition for certiorari is therefore denied and dismissed, the writ heretofore issued is quashed, and the papers certified to this court are ordered returned to the workmen's compensation commission with our decision endorsed thereon.

The petitioner's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the workmen's compensation commission for further proceedings in accordance with this opinion.

### ON MOTION FOR REARGUMENT.

#### JULY 1, 1959.

PER CURIAM. After our decision in the above cases the respondent asked and received permission to file a motion for reargument. Pursuant to this permission it has filed such a motion, setting out therein certain reasons on which it bases its contention that justice requires a reargument of the case Equity No. 2740.

. We have carefully considered those reasons and we are of the opinion that they are without merit.

Motion denied.

*Worrell & Hodge, Eldridge H. Henning, Jr.,* for petitioner.

*Tillinghast, Collins & Tanner, Thomas R. Wickersham,* for respondent.