NAPOLEON PLOUFFE *vs.* THE TAFT-PEIRCE MANUFACTURING COMPANY.

JUNE 29, 1960.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

POWERS, J. This is an employee's petition under the workmen's compensation act to adjudge the respondent in contempt for discontinuing weekly payments of $18 at the end of 700 weeks from the date of his injury. The cause

is before us on the petitioner's appeal from a decree of the full commission affirming a decree of the single commissioner denying and dismissing the petition.

The facts in this case are fully set forth in an earlier opinion, *Plouffe* v. *Taft-Peirce Mfg. Co.*, 80 R. I. 397, wherein the respondent was adjudged in contempt for its failure to continue payments to petitioner of the sum of $18 as weekly compensation for partial incapacity. That amount was ordered by a decree of the superior court entered June 14, 1946 in a prior proceeding and was the amount provided for by the law in effect at the time of the award, although $13 weekly was the amount provided for by the law in effect at the time of the injury. The respondent thereafter continued the $18 payments until July 1955, a total of 700 weeks, at which time it considered the obligation satisfied under the law as it existed at the time of the injury. In a letter to respondent's insurance carrier petitioner contended that payments were due for an additional 100 weeks under the law as it existed at the time of the award and which was adopted by the decree of the superior court. This contention was not accepted by respondent and it was in this posture that the cause was again brought before the commission on February 11, 1959 on a petition to adjudge respondent in contempt.

The trial commissioner, directing his attention solely to the claim on its merits, dismissed the petition on the authority of *Capobianco* v. *United Wire & Supply Corp.*, 78 R. I. 309, which supports the determination against retroactive application of statutory amendments. In affirming this decision the full commission cited *Vick* v. *Aubin*, 73 R. I. 508, and *Gomes* v. *John J. Orr & Son*, 78 R. I. 96, for the express holding that an employee's compensation rights are determined by the statute as it existed at the time of the injury.

In this court petitioner in substance presses two grounds of appeal.

Based on general laws 1956, §28-35-46, which requires notice to the commission and the employee by an employer intending to reduce, suspend or discontinue payments, petitioner urges that the arbitrary termination of payments without first complying with this provision constitutes contempt.

The respondent views this section as applying only to continuing obligations, and contends that whether liability in this case be based upon the original or amended partial incapacity provision of the act, the obligations imposed thereunder, once met for the stated period, terminate without any necessity for a ruling by the commission. The pertinent portion of G. L. 1938, chap. 300, art. II, §11, reads as follows: "and in no case shall the period covered by such compensation be greater than 700 weeks from the date of the injury."

This language, which has been repeated in the amendment extending the period for 800 weeks, is clear and unequivocal. It places a numerical limitation on the number of weeks in which an employee is entitled to benefits, which number being calculable from the date of the injury is subject to objective determination by the employer or the employee. It follows that by force of the provision itself any obligation imposed on an employer by virtue of this section ceases and determines upon the expiration of the stated period without regard to any action of the parties, and consequently resort to the commission for affirmative relief is not *mandatory*. As was done in the instant case, the employer may unilaterally determine that the statutory maximum period has expired and accordingly terminate payments. However, in doing so he must be prepared to establish this fact before the commission in the event of a contrary claim being pressed by the employee.

The petitioner next discusses the issue of which time period controls this case, and he contends that by reason of our holding in the earlier opinion the matter is no longer

open to argument. While we are in accord with the authorities cited by the commission, we are constrained to agree that it acted in excess of its authority in revising and correcting an alleged error in a prior decree of the superior court. Under the decree of June 14, 1946, the superior court utilized the then existing statute as the basis for determining the amount of weekly compensation, and by reason of the employer's failure to perfect its appeal from this ruling it became the law of the case. *Plouffe* v. *Taft-Peirce Mfg. Co., supra.*

The section as amended by public laws 1942, chap. 1246, reads as follows: "Sec. 11. While the incapacity for work resulting from the injury is partial, the employer shall pay the injured employee a weekly compensation equal to 60% of the difference between his average weekly wages, earnings, or salary, before the injury and the average weekly wages, earnings or salary which he is able to earn thereafter but not more than $18.00 a week; and in no case shall the period covered by such compensation be greater than 800 weeks from the date of the injury."

The language of this amendment is identical with the section as it read at the date of the injury, save in three particulars. Under the original act the percentage was 50, the maximum weekly payment was $13, and the period covered was 700 weeks. Viewed in this light, it appears quite clear that had the employer successfully perfected its appeal from the original ruling and prevailed in its then contention that the application of any liability in excess of $13 weekly was erroneous, this question would not now be here.

Conversely, having become bound by the amount set under the amendment, the employer's liability is in toto governed by the amendment. The period of coverage and the amount of the award are inextricably interwoven in each statute in a manner which precludes the piecemeal applica-

tion sought by respondent. For this reason the decree of the commission was clearly erroneous.

Having determined the earlier opinion to be decisive of the issue, the employer urges a departure from our holding therein under the doctrine of *Reamer's Estate*, 331 Pa. 117, in order that the employee's special benefits which are not obtainable by others be finally curtailed under the law of the *Gomes* and *Vick* cases, *supra*. This argument does not appear to constitute the "clear alteration of the circumstances" which justify an exception to the rule as defined by this court in *Payne* v. *Superior Court*, 78 R. I. 177. Indeed, the authorities relied upon had been decided and were the subject of argument in the prior hearing.

The employer makes the final argument that the unexplained delay of three years between the termination of payments and the filing of this petition constitutes laches on the part of the employee in that the employer has been deprived of its right, for cause shown, to reduce or suspend compensation. Manifestly an award of weekly payments for partial incapacity does not vest in the employee an unqualified right to receive payments for the duration of the statutory period. The act authorizes the employer to dispute the existence or severity of the incapacity at any time and, upon proper proof, the employer is entitled to a modification or suspension of the payments.

This court has repeatedly held that workmen's compensation cases follow the course of equity. *Moulis* v. *Kennedy's, Inc.*, 82 R. I. 364; *Perri* v. *Scott Testers, Inc.*, 84 R. I. 91. In this regard we stated in *Shea* v. *Gamco, Inc.*, 81 R. I. 12, at page 17: "It should be noted that the instant case is brought under the workmen's compensation act, which is remedial legislation. Its terms require a liberal construction to achieve the salutary purposes thereof and though of statutory origin it follows the course of equity in certain aspects of its proceedings. We have held generally that both employer and employee are bound to

cooperate and deal fairly with each other in order that both may have the benefit of the express provisions of the act."

However, we do not think that this principle allows an employer to shift to an employee the obligation of seeking a ruling of the commission on the validity of the employer's unilateral determination on the extent of its obligation. Any hardship suffered in such a case is clearly self-imposed and could readily have been obviated by the employer invoking the procedures outlined in G. L. 1956, §28-35-46. A contrary holding would visit an additional procedural burden upon the employee which was not contemplated by the framers of the act and would be inconsistent with the simplicity of the remedy it was designed to achieve.

Further, this argument in effect equates the employee's seeming acquiescence for three years with a waiver of whatever rights remained to him. Without deciding here the extent to which §28-33-26 of the act prohibits waivers on the part of the employee, it is clear that his conduct in this case, if it could be construed as in the nature of a waiver of compensation, must be deemed invalid as such by reason of its nonconformity with the pertinent provisions of the act. See *Olbrys* v. *Chicago Bridge & Iron Co.*, 89 R. I. 187, 151 A.2d 684.

The petitioner's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Walter H. Sharkey,* for petitioner.

*Worrell & Hodge, Lee A. Worrell,* for respondent.