LUCIEN TRUDEAU *vs.* UNITED STATES RUBBER COMPANY.
LUCIEN TRUDEAU *vs.* UNITED STATES RUBBER COMPANY.
LUCIEN TRUDEAU *vs.* UNITED STATES RUBBER COMPANY.

MARCH 15, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J.   These three employee's petitions for review of incapacity under the workmen's compensation act were heard together and granted by the trial commissioner, but on the respondent's appeal to the full workmen's compensation commission decrees were entered reversing such decisions and denying and dismissing the petitions.   The cases are here on the petitioner's appeals from those decrees.

Under his reasons of appeal petitioner has briefed and argued two points:   1. That the full commission erred in holding that the commission was without jurisdiction in the circumstances to entertain the petitions.   2. That its decrees were contrary to law.   These points merge more or less into each other and petitioner has so briefed them.   We shall consider them in like manner.   Before entering upon a discussion of the law a summary of the facts which give rise to the controversy will be helpful.

The petitioner received a compensable injury on December 15, 1955 and thereafter entered into a preliminary agreement for total disability compensation of $32 per week based on an average weekly wage of $96.52.   On January 16, 1956 he returned to work at a weekly wage of $84.36 and entered into a suspension agreement.   He was unable to continue working and entered into a second preliminary agreement for total disability compensation of $32 per week commencing February 14, 1956.   He was paid such compensation until March 12, 1956 when he again returned to work at a weekly wage of $84.36 under a second suspension agreement.   He was again unable to continue working and entered into a third preliminary agreement under the same terms as the first and second.   He received total disability compensation thereunder until April 28, 1957 when he returned to work for a third time at a weekly wage of $84 under a third suspension agreement.   Thereafter he entered into a fourth preliminary agreement for total disability compensation of $32 per week commencing November 12,

1958, because he was unable to continue working.  He is now receiving such compensation and was receiving it at the time he filed the instant petitions to review each of the first three preliminary agreements.

The petitioner contends that each of those agreements was subject to review by the workmen's compensation commission on his petition to determine whether in each instance when he returned to work at less than his weekly wage of $96.52 he was entitled to partial disability compensation.  He argues that the following notice in bold face type at the top of each suspension agreement form which he signed supports such contention:

> "Read Carefully — Signing this agreement means that compensation payments are discontinued.  However, this agreement may be reviewed and reopened in accordance with Article III, Section 13 of the workmen's compensation act if the employee again becomes disabled from this injury."

The respondent on the other hand argues that such notice must be read in connection with the language of section 13 of the act referred to in the notice.  That section, which now is G. L. 1956, §28-35-45, respondent points out, limits such review on the ground "that the incapacity * * * has diminished, ended, increased or returned" and that the purpose thereof is to authorize the commission to "decrease, suspend, increase, commence or recommence compensation payments * * *."  None of those purposes it contends is possible in the present circumstances since petitioner is presently receiving maximum total disability compensation. And it further contends that no review is available to petitioner of any agreement except the fourth or last agreement. In support of such contention it relies upon *Ottone* v. *Franklin Process Co.*, 76 R. I. 431.

The full commission adopted that view.  On the record before them they made the following findings:

> "1. That there is outstanding between the parties a preliminary agreement entered into on November 14,

1958 under which the petitioner is receiving total compensation at the rate of $32.00 per week.

"2. That the period of time for which the petitioner is claiming compensation is all prior to the date of the execution of the present outstanding and effective preliminary agreement.

"3. That because of findings of fact numbers 1 and 2, this commission has no jurisdiction to entertain the three petitions."

Based on those findings they entered the decrees appealed from denying and dismissing each petition.

We are of the opinion that they did not err. The petitioner's situation is clearly governed by our decision in the *Ottone* case. Each prior agreement was rendered res judicata by each succeeding agreement, which of course had the force and effect of a decree. The status of the parties is now established by the existing preliminary agreement under which petitioner is receiving total disability compensation. Any petition for review must necessarily be addressed to that agreement.

The petitioner argues that *DiVona* v. *Haverhill Shoe Novelty Co.*, 85 R. I. 122, has liberalized the principle of res judicata to such an extent in a workmen's compensation case as to make the rule of the *Ottone* case no longer applicable. We disagree. The procedural situation and the substantive issue which prompted the liberalization of the doctrine of res judicata in *DiVona* were not the same as are involved here. On the other hand the procedural situation with which we dealt in the *Ottone* case is substantially similar to that here.

As a final argument petitioner urges that if the suspension agreements together with prior preliminary agreements are to be treated in this manner they must be considered as in the nature of waivers of partial disability compensation by petitioner and as such they are invalid under *Olbrys* v. *Chicago Bridge & Iron Co.*, 89 R. I. 187, 151 A.2d 684. We think petitioner is mistaken in his comparison of that

case with the instant case. There has been no waiver of compensation here as was claimed in the *Olbrys* case. Here petitioner simply neglected to petition for partial disability compensation upon returning to work each time at a lower wage. After each unsuccessful attempt to work, he entered into a preliminary agreement definitely fixing his disability status and his compensation therefor at the maximum rate allowed under the act. Such was not the nature of the employee's agreement with the employer in the *Olbrys* case which we disapproved as an invalid waiver of the compensation to which he was already entitled by an existing prior agreement.

We find no merit in any of the petitioner's contentions and are of the opinion that the full commission correctly decided that they were without jurisdiction in the premises. They therefore rightly denied and dismissed each petition.

The petitioner's appeal in each cause is denied and dismissed, the decree appealed from is affirmed, and each cause is remanded to the workmen's compensation commission for further proceedings.

*Abedon, Michaelson and Stanzler, Julius C. Michaelson,* for petitioner.

*Ambrose W. Carroll,* for respondent.