294 A.2d 190.

ANTHONY DURANTE *vs.* ATLANTIC TUBING & RUBBER COMPANY.

AUGUST 2, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This employee's petition to review a preliminary agreement was heard before a trial commissioner upon an agreed statement of facts. The case is before us on the employee's appeal from a decree of the full commission affirming a decree of the trial commissioner.

The agreed statement of facts contains the following factual background which precipitated the issue raised by this appeal. On April 8, 1965, the employee sustained a compensable injury while in respondent's employ. On April 30, 1965, the parties entered into a preliminary agreement providing for the payment of compensation to the employee

for total incapacity. On December 6, 1965, the employee returned to work for respondent and signed a compensation suspension agreement and receipt. This agreement provides in part that the signing thereof " * * * does not finally close this case and that the employee shall not be prevented from claiming and collecting further compensation if hereafter this injury causes further disability." On March 8, 1968, the employee again became totally disabled as a result of the April 8, 1965 injury and respondent started to pay him again for total incapacity at the rate of $40 per week and the payments continued from March 8, 1968 to March 24, 1970. The respondent made these payments without entering into any new preliminary agreement with the employee.

On April 1, 1970, the employee filed the petition to review the April 30, 1965 agreement.

At the hearing before the trial commissioner the parties stipulated that the employee had been and continued to remain totally incapacitated. Notwithstanding the fact that it was admitted that the employee had received compensation for total incapacity from March 8, 1968 through March 24, 1970, the employee claimed that he was entitled to an award of compensation for total incapacity from March 8, 1968 to the date of the petition because no preliminary agreement had been executed by the parties after the March 8, 1968 disability, as required, according to the employee's theory, under G. L. 1956 (1968 Reenactment) §28-35-9.[1]

The trial commissioner made findings of fact in accord-

---

[1]General Laws 1956 (1968 Reenactment) §28-35-9 reads as follows:

"Payment of compensation without agreement.—In the event that an employer or insurer makes payment of compensation to an employee without executing a memorandum of agreement such payment shall constitute an admission that the employee is entitled to compensation under the provisions of chapters 29 to 38, inclusive, of this title and such employer or insurer shall not be entitled to any credit for such payment if the employee is awarded compensation in accordance with the provisions of said chapters."

ance with the agreed statement of facts. He held that since there was an agreement entered into originally in this case admitting liability, the provisions of §28-35-9 did not apply and therefore the employee was not entitled to any further payment of compensation from March 8, 1968 until March 24, 1970 because payments had already been made during that period for total incapacity. However, since no compensation payments had been made since March 24, 1970,[2] although the employee had continued to remain totally incapacitated for work, he ordered respondent to pay the employee total compensation from March 24, 1970. He also ordered respondent to pay the employee's counsel fee. A decree incorporating his findings and orders was duly entered and, on appeal by the employee, affirmed by the full commission. We affirm.

The rationale of our decision in *Crisostomi* v. *Zayre of Providence, Inc.*, 109 R. I. 251, 283 A.2d 678 (1971), is equally applicable here. As we pointed out at 254-55, 283 A.2d at 679-80, §28-35-9

" * * * was designed to stop a practice which had previously existed whereby some employers, and/or insurance carriers, would make payments of compensation without executing any agreement and then would stop making the payments at their pleasure, thus placing an undue burden upon injured employees. The legislative intent was clearly to take care of situations where no agreement had been executed by the parties."

We held in *Crisostomi* that a nonprejudicial agreement was a preliminary agreement within the meaning of the Workmen's Compensation Act and that a payment made after the expiration of the 90-day period was merely an extension of payment following the execution of a preliminary

[2]The record shows that notwithstanding the payment of compensation benefits by the respondent, the employee filed the petition to review on April 1, 1970. It is reasonable to assume that because of the filing of this petition, the respondent ceased making the payments after March 24, 1970 awaiting disposition of the employee's petition.

agreement rather than the payment of compensation without a preliminary agreement.

The employee argues that since no agreement was entered into by the parties subsequent to the suspension agreement, the payment of compensation benefits after March 8, 1968 was payment without an agreement and therefore, under §28-35-9, respondent was not entitled to credit for the amounts paid. We find no merit in the employee's argument and therefore affirm the decree of the full commission.

Likewise in the case at bar we have a situation where there is a preliminary agreement wherein respondent admitted its liability under the Workmen's Compensation Act within a reasonable time after the occurrence of the injury. It is undisputed that respondent made the payments provided for in the preliminary agreement until the employee returned to work and signed the suspension agreement. It is also agreed that respondent made the payments after its liability under the original preliminary agreement had temporarily ceased by reason of the execution of the suspension agreement and receipt. When the employee became disabled again on March 8, 1968 as a result of the same injury covered under the preliminary agreement already on file, respondent merely recommenced payments for total incapacity under the original preliminary agreement without the filing of a subsequent supplementary agreement. We cannot fault respondent for so doing since there was no new or different injury.

Since there was a preliminary agreement on file, it cannot be said that the payment of compensation benefits made after March 8, 1968 was the payment of benefits without any agreement. Just as in *Crisostomi*, the payments made in the case at bar after March 8, 1968, constitute an extension of payments following the execution of a preliminary agreement rather than the payment of compensation without an agreement. In enacting §28-35-9,

the Legislature intended to take care of situations where no agreement had been entered into by the parties. It was never the legislative intent, where there was an agreement on file, to permit an employee to collect compensation benefits twice for the same period. The execution of the preliminary agreement was an admission of liability by respondent and relieved the employee of the burden of proving that he received a compensable injury. This was the unfairness which §28-35-9 was intended to protect against.

The employee argues that the respondent would have been within its rights to stop making the payments after the March 8, 1968 disability at any time and that it could not be held in contempt for so doing. Since this did not happen we do not deem it necessary to pass on this question at this time.

The employee's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Workmen's Compensation Commission for further proceedings.

*Lovett and Linder, Ltd., Raul L. Lovett,* for petitioner.

*DiMascolo & DiPetrillo, Carmine R. DiPetrillo,* for respondent.