308 A.2d 825.

### B. I. F. INDUSTRIES, INC. *vs.* ALBION RAYMOND.

AUGUST 14, 1973.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. This is an employer's petition to review. It is here on the employer's appeal from a decree of the Workmen's Compensation Commission affirming the findings of fact and orders contained in a decree in which a trial commissioner found that the employer was not entitled to credit against future compensation for alleged prior overpayments, and further found that it had not proved that the employee's incapacity for work had either ended or diminished.

The early history of the case is recited in the companion case of *Albion Raymond* v. *B. I. F. Industries, Inc.*, 112 R. I. 192, 308 A.2d 820 (1973). It need not be repeated. The current chapter commenced when the employer made the payment[1] ordered in the companion case.

The sole question briefed and argued by the employer, and therefore the only one considered by us, is whether it is entitled to a credit for alleged overpayments.

The employer makes several contentions with respect to that question. All but one were specifically passed upon in the companion case, and what we said there needs no repetition here. The sole additional contention is that the duty of fair play which the employer and employee owe to each other and the "justice of the case" militate against

---

[1] Under G. L. 1956 (1968 Reenactment) §28-35-33 the appeal in that case did not stay the effect of the commission's decree.

the employer being required to pay total disability compensation to an employee who concededly was only partially incapacitated, and that the peculiar circumstances prevailing in this case, though perhaps for technical reasons insufficient as a defense in the companion case, should allow the employer to apply as a credit against future compensation obligations the difference between the total compensation actually paid to the employee and the partial compensation equitably owed him.

In support of that contention the employer relies upon *Durante* v. *Atlantic Tubing & Rubber Co.*, 110 R. I. 465, 294 A.2d 190 (1972), and *M. Samas Co.* v. *Cipriano,* 110 R. I. 94, 290 A.2d 402 (1972). Both of those cases, however, are clearly distinguishable for, while each involves a claimed future credit, neither is a case where that credit was to be applied as a means of recovering payments previously made pursuant to an outstanding unappealed order or agreement.

The employer's plight as depicted, while at least partially successful in its design of evoking sympathy, nonetheless prompts the observation that it could readily have been avoided had the employer taken appropriate steps under the Act to reduce its obligations. Under the settled law referred to in the companion case, its failure to take those steps leaves us with no alternative other than to deny and dismiss its appeal, to affirm the decree appealed from, and to remit the case to the Workmen's Compensation Commission for further proceedings.

*Hanson, Curran, Bowen & Parks, E. Howland Bowen,* for petitioner.

*Abedon, Michaelson, Stanzler & Biener, Richard A. Skolnik,* for respondent.