393 A.2d 1105.

## Domenic G. Marabello *vs.* Kaiser Aluminum & Chemical Corporation.

NOVEMBER 8, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

WEISBERGER, J.    This is an appeal from a decree of the full Workers' Compensation Commission denying an employee's petition to enforce a preliminary agreement. The employee sustained an injury on December 19, 1969. A preliminary agreement describing the injury as "low back strain" was executed on February 13, 1970, and approved by the Director of the Department of Labor (director). A suspension

agreement and receipt were entered into on February 23, 1970, in which the employee asserted that he was returning to work on February 24, 1970, after having been paid compensation for total incapacity from December 31, 1969, to February 23, 1970.

Thereafter the parties entered into a second preliminary agreement labeled "supplementary" and dated April 10, 1970. This agreement was approved by the director and set forth the same injury of December 19, 1969. The parties stipulated before the commission that the employee returned to work on September 20, 1970, following the second incapacity, after having been paid compensation for total incapacity from March 24, 1970 to September 20, 1970. The parties also stipulated that petitioner did not execute a workers' compensation suspension agreement and receipt. The employee continued to work until August 29, 1971, and again became incapacitated for work on August 30, 1971. A third preliminary agreement dated September 9, 1971, and labeled "supplementary" was entered into by the parties in which the injury of December 19, 1969, as described in the first preliminary agreement, was again set forth as the basis for the preliminary agreement. This agreement was also approved by the director and the employee was again paid compensation for total incapacity.

Thereafter, the employee petitioned the Workers' Compensation Commission to enforce the provisions of the second preliminary agreement on the ground that no suspension agreement had ever been executed and that therefore the second preliminary agreement had never been validly terminated and remained in full force and effect until the third agreement was executed. The employee does not challenge the fact that he was receiving his full compensation after his return to work on September 20, 1970 until the third return of incapacity on August 30, 1971, the time period for which he also sought disability benefits.

The trial commissioner denied and dismissed the petition on the ground that the commission had no jurisdiction to

review any agreement or decree other than the last agreement or decree fixing compensation with reference to the particular injury sustained. He held that the employee could not "go in back of the present outstanding preliminary agreement of September 9, 1971." Thereafter the employee appealed to the full commission. The full commission found that all three preliminary agreements related to the same injury[1] and affirmed the decree on the authority of *Trudeau* v. *United States Rubber Co.*, 92 R.I. 328, 168 A.2d 460 (1961), and *Ottone* v. *Franklin Process Co.*, 76 R.I. 431, 71 A.2d 780 (1950). With this determination of the full commission we are in agreement.

In *Trudeau,* an employee who suffered one compensable injury entered into four preliminary agreements for compensation. After entering into the last agreement, the employee filed a petition to review the first three agreements, claiming that he was entitled to additional compensation under each of them. The court held that each subsequent preliminary agreement superseded all prior agreements and that the full commission had jurisdiction to entertain a petition to review only the last existing preliminary agreement under which the employee was receiving compensation.

In the instant case the preliminary agreement in question was not properly terminated with approval under the Workers' Compensation Act as were the agreements in *Trudeau.* Nevertheless, the execution of a successive preliminary agreement relating to the same injury which is the subject of an earlier agreement performs the function of the suspension agreement and receipt procedure by furnishing conclusive evidence that the employee and employer are in agreement as to their corresponding rights and responsibilities under the Act.[2] Moreover, the latter agreement is

---

[1]Although the employee argued that the injuries were different in that the first agreement described a "strain" while the second described a "sprain," there was ample evidence in the record, including the identity of date of injury, to support this finding.

[2]General Laws 1956 (1968 Reenactment) §§28-35-46 through 28-35-53 prohibit an employer from ending or reducing compensation benefits without first giving

also approved by the director. Thus, the problem of the employer's unilateral cessation of benefits under a preliminary agreement without notice to the commission or the employee presented in *Walker* v. *Kaiser Aluminum & Chemical Corp.*, 119 R.I. 581, 382 A.2d 173 (1978) is obviated.

In our opinion, the cases cited by the commission are controlling, and the contentions of the employee to the contrary on the facts of this case are without merit.

The appeal of the employee is denied and dismissed, the decree of the full commission is affirmed, and the case is remanded to the Workers' Compensation Commission.

*Lovett & Linder, Raul L. Lovett,* for petitioner.

*Quinn, Cuzzone & Geremia, Bruce Q. Morin,* for respondent.

---

written notice of its intention to do so both to the commission and to the employee, and it provides the employee with a means for disputing the contemplated action. *Walker* v. *Kaiser Aluminum & Chemical Corp.*, 119 R.I. 581, 382 A.2d 173 (1978).