David C. MARTINELLI

v.

The TRAVELERS INSURANCE COMPANIES.

No. 94–734–Appeal.

Supreme Court of Rhode Island.

Dec. 24, 1996.

Neil P. Philbin, Peace Dale, for plaintiff.

Kevin M. Cain, Providence, for defendant.

## OPINION

LEDERBERG, Justice.

This case addresses the issue of whether a principal shareholder or employee of a corporation may be considered the named insured for purposes of uninsured-motorist benefits under a policy that lists the corporation as the named insured. The trial justice granted summary judgment to the defendant, The Travelers Insurance Companies (Travelers or defendant), and the plaintiff, David C. Martinelli, appealed to this Court. Because we conclude that the plaintiff did not qualify as an insured under the uninsured-motorist provisions of the Travelers policy, we deny and dismiss his appeal.

### Facts and Procedural History

On April 23, 1986, Travelers issued a garage policy to Select Auto Sales, Inc. (Select Auto), a policy that was renewed annually throughout the period in question in this case. On September 10, 1986, plaintiff's father, Frank Martinelli (Martinelli), then the principal shareholder and general manager of Select Auto, was struck and killed by an uninsured motor vehicle. On July 11, 1988, Travelers paid the sum of $25,000 to Martinelli's estate in satisfaction of its claim for uninsured-motorist benefits.

About four years later, on December 1, 1990, plaintiff was injured in an automobile accident while riding in a vehicle owned by Theresa Tantimonaco and operated by her husband, Mark Tantimonaco. The plaintiff alleged that his damages exceeded the liability-coverage limit of the Tantimonaco insurance policy, and consequently he filed a claim with Travelers for uninsured-motorist benefits. Following the denial by Travelers of plaintiff's claim on the grounds that plaintiff was not entitled to uninsured-motorist coverage, plaintiff filed a petition for declaratory judgment, in which he sought a declaration

that he qualified as an insured under the uninsured-motorist endorsement of the Travelers policy. On November 1, 1994, the trial justice granted defendant's motion for summary judgment, and plaintiff subsequently filed this appeal.

## Standard of Review

In reviewing the granting of a motion for summary judgment, this Court applies the same rules as the trial court. *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1225 (R.I.1996); *Mallane v. Holyoke Mutual Insurance Co.*, 658 A.2d 18, 19 (R.I.1995). "Accordingly, if our review of the admissible evidence viewed in the light most favorable to the nonmoving party reveals no genuine issues of material fact, and if we conclude that the moving party was entitled to judgment as a matter of law, we shall sustain the trial justice's granting of summary judgment." *Accent*, 674 A.2d at 1225.

## Construction of the Travelers Policy

■ On appeal, plaintiff contended that the trial justice erred in finding that plaintiff was not an insured pursuant to the uninsured-motorist provisions of the Travelers policy. The question of whether a plaintiff is covered by a given insurance policy requires judicial construction of the policy language as a matter of law. *Mallane*, 658 A.2d at 20. We shall not disturb a trial justice's ruling on this issue absent an error of law. *Id.* Moreover, it is well settled that when interpreting an insurance policy, this Court applies the same rules as those applied to the construction of contracts, and we do not depart from the literal language of the policy absent a finding that the policy is ambiguous. *Id.* (citing *Aetna Casualty & Surety Co. v. Sullivan*, 633 A.2d 684, 686 (R.I.1993)). In determining whether a policy is ambiguous, we read the policy in its entirety, giving words their plain, ordinary, and usual meaning. *Id.* If the policy is found to be ambiguous or capable of more than one reasonable meaning, the policy will be strictly construed in favor of the insured and against the insurer. *Id.*

■ Our review of the relevant portions of the Travelers policy revealed the following. The policy's uninsured-motorist endorsement provided coverage for damages resulting from bodily injury sustained by an "insured" who is legally entitled to recover damages from the owner or the driver of an uninsured motor vehicle. The Who Is Insured section of the uninsured-motorist endorsement extended coverage to four categories of insureds.

"1. You.

"2. If you are an individual, any family member.

"3. Anyone else occupying a covered auto or a temporary substitute for a covered auto. The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction.

"4. Anyone for damages he or she is entitled to recover because of bodily injury sustained by another insured."

The plaintiff argued that the definition of "you" in this section of the uninsured-motorist endorsement was ambiguous. The only sensible interpretation of the uninsured-motorist provision, according to plaintiff, was that the policy extended "class-I" coverage to plaintiff as the principal shareholder and general manager of Select Auto.[1] Specifically, plaintiff reasoned that because the plain language of the Travelers policy clearly extended coverage to "someone who is defined as 'you,'" the policy could not be construed as providing only "class-II" or vehicle-related coverage. The plaintiff posited that because the nature of the uninsured-motorist coverage was indemnification for bodily injury, it would be absurd to interpret the policy as providing class-I coverage only to Select Auto, insofar as a corporation cannot sustain bodily injury.

We disagree with plaintiff's contention that the terms of the Travelers policy are ambiguous. "You" is clearly defined on the first page of the Garage Coverage Form as "the Named Insured shown in the Declarations." In this case, the named insured on the declarations page was plainly listed as "Select

---

1. A class-I insured is the named insured, and a class-II insured is the occupant of an insured vehicle. *Finch v. Centennial Insurance Co.*, 650 A.2d 495, 497 (R.I.1994).

Auto Sales." Hence, it is clear that "you" referred to Select Auto and not to plaintiff. Moreover, because Select Auto is not an individual, the express provisions of the policy did not stipulate any "family member" coverage. Because there was no ambiguity in the terms of the Travelers policy, we shall not depart from the literal language of that policy. Therefore, pursuant to the plain terms of the policy, plaintiff was not entitled to uninsured-motorist coverage for injuries sustained while riding in a noninsured vehicle for personal reasons. Rather, this policy in the circumstances of this case provided only class-II coverage. It was undisputed that plaintiff was not occupying an insured vehicle and, thus, did not qualify for class-II coverage.

We note that the majority of jurisdictions that have addressed this issue have concluded that a corporate shareholder or an employee is not eligible for uninsured-motorist benefits under a policy in which the corporation is the named insured, in the event that his or her injuries were sustained outside an insured vehicle. For example, in *General Insurance Co. of America v. Smith*, 874 P.2d 412 (Colo.Ct.App.1993), the court considered language identical to that at issue in the instant case. The court held that the "plain and ordinary meaning" of the policy terms did not extend uninsured-motorist coverage to a corporate officer and one-half owner of the named insured corporation, who was injured while riding his bicycle for "personal reasons." *Id.* at 414.

Similarly, the court considered language comparable to that at issue here in *Peterson v. Universal Fire and Casualty Insurance Co.*, 572 N.E.2d 1309, 1311 (Ind.Ct.App.1991), in which the plaintiff was an employee of the named insured corporation and was injured while riding in a noninsured vehicle during "a pleasure trip, with no connection to business." *Id.* at 1310. The court held that there was no ambiguity in the policy terms and that the plaintiff was not a covered individual under the uninsured motorist endorse-

ment to the policy. *Id.* at 1311. And, in *Meyer v. American Economy Insurance Co.*, 103 Or.App. 160, 796 P.2d 1223 (1990), the court again determined that language similar to that at issue here was clear and unambiguous. In *Meyer*, the plaintiff, who was an employee and a principal shareholder of the named insured corporation, was struck by an uninsured motorist while riding his bicycle "on personal business." *Id.* at 1224. The court rejected the argument that there was any ambiguity created by the terms "you" or "family member" under which the plaintiff could "conceivably be regarded as a named insured." *Id.* at 1225.

Although we hold that in the circumstances of this case and pursuant to the policy in question plaintiff did not qualify for uninsured-motorist benefits, we do not foreclose the possibility that in different circumstances this Court could conclude that an individual shareholder or employer might be eligible for uninsured-motorist coverage under a policy that listed the corporation as the named insured. For instance, plaintiff in the instant case was clearly acting outside the scope of his employment at the time of his accident.[2] It is conceivable that a shareholder or an employee who is injured while acting within the scope of his or her employment might be considered the named insured for purposes of uninsured-motorist coverage. Because plaintiff was clearly acting outside the scope of his employment at the time he was injured, we need not make such a determination.

### Estoppel

The plaintiff also contended that the trial justice erred in ruling that Travelers was not estopped from denying coverage because Travelers had previously granted uninsured-motorist benefits to plaintiff's father's estate. Specifically, plaintiff contended that because his father's estate had received uninsured-motorist benefits from Travelers, plaintiff believed that he was entitled to the

---

2. We note that the claimants in the cases cited from other jurisdictions were likewise injured while acting outside the scope of their employment. *General Insurance Co. of America v. Smith*, 874 P.2d 412, 414 (Colo.Ct.App.1993);

*Peterson v. Universal Fire and Casualty Insurance Co.*, 572 N.E.2d 1309, 1310 (Ind.Ct.App.1991); *Meyer v. American Economy Insurance Co.*, 103 Or.App. 160, 796 P.2d 1223, 1224 (1990).

same coverage and had relied on that belief when he renewed the Travelers policy in 1990. Travelers alleged that uninsured-motorist benefits were mistakenly paid to plaintiff's father's estate and further asserted that estoppel cannot be invoked to enlarge the coverage afforded by an insurance policy.

We agree with defendant's contention that in the circumstances of this case estoppel cannot be invoked to expand the scope of coverage of an insurance policy. Because the Travelers policy provided no coverage for the claim in question, the doctrine of estoppel did not bar the insurer from asserting that defense against coverage of the loss. *See, e.g., Pedersen v. United Services Automobile Association,* 383 N.W.2d 427, 430–31 (Minn. Ct.App.1986); *ABCD ... Vision, Inc. v. Fireman's Fund Insurance Companies,* 304 Or.301, 744 P.2d 998, 1001–02 (1987).

 In any event, our careful review of the record failed to reveal evidence sufficient to support a claim of estoppel. In order to argue a claim of estoppel successfully, plaintiff must show that defendant, by some affirmative conduct or representation, intentionally induced plaintiff to act or to fail to act in detrimental reliance on that conduct or representation. *Raymond v. B.I.F. Industries, Inc.,* 112 R.I. 192, 198, 308 A.2d 820, 823 (1973). "The key element of an estoppel is intentionally induced prejudicial reliance." *East Greenwich Yacht Club v. Coastal Resources Management Council,* 118 R.I. 559, 568, 376 A.2d 682, 686 (1977) (citing *Raymond,* 112 R.I. at 198–99, 308 A.2d at 823).

The record revealed no evidence that Travelers, by word or deed, intentionally induced the plaintiff's reliance. Instead, we conclude that Travelers could have paid the claim to Martinelli's estate for any number of reasons, including mistake. Therefore, the plaintiff's claim lacked an essential element of estoppel. Consequently, we hold that the previous payment of uninsured-motorist benefits to the estate of the plaintiff's father did not operate to bar the denial of benefits in this case.

In conclusion, we are of the opinion that Travelers was entitled to judgment as a matter of law, and therefore, we affirm the granting of summary judgment in favor of the defendant. Accordingly, we deny and dismiss the plaintiff's appeal and affirm the judgment of the Superior Court, to which we return the papers in this case.