**Maria MEDEIROS, Executrix of the Estate of Edward Couto**

v.

**ANTHEM CASUALTY INSURANCE GROUP et al.**

**No. 2000–261–Appeal.**

Supreme Court of Rhode Island.

May 13, 2002.

Michael S. Kiernan, Thomas C. Plunkett, Providence, for Plaintiff.

Mark P. Dolan, Providence, for Defendant.

Present: WILLIAMS, C.J.,
LEDERBERG, BOURCIER,
FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on April 15, 2002, pursuant to an order directing both parties to appear and show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and considering the memoranda of the parties, we conclude that cause has not been shown. Accordingly, we shall decide the appeal at this time.

Edward Couto (Couto or decedent) and Richard Rampino (collectively, the decedents), were tragically killed in a car accident on May 8, 1997, when they were struck by an uninsured drunk driver on their way home from a Red Sox game at Fenway Park in Boston. At the time of their deaths, each decedent owned 25 percent of two closely held corporations that carried separate insurance policies providing coverage for two cars, neither of which was involved in this accident, and uninsured motorist coverage for the corporation, as the named insured. Suit was brought seeking uninsured motorist benefits under these policies. Anthem Casualty Insurance Group and Shelby Insurance Company (the defendants) jointly moved for summary judgment, which was granted. On appeal, Maria Medeiros, executrix of Couto's estate (plaintiff or Medeiros), argues that the trial justice's grant of summary judgment was improper because issues relating to the language of these insurance policies remain unresolved and, plaintiff maintains, that an ambiguity exists respecting who actually was covered by the policies. Further, whether the decedents were acting in the course of their business at the time of the accident is a material issue of fact, plaintiff argues, that is sufficient to defeat a motion for summary judgment.

 When reviewing a grant of summary judgment, we do so on a *de novo* basis. *Marr Scaffolding Co. v. Fairground Forms, Inc.,* 682 A.2d 455, 457 (R.I.1996). "Accordingly, if our review of the admissible evidence viewed in the light most favorable to the nonmoving party reveals no genuine issues of material fact, and if we conclude that the moving party was entitled to judgment as a matter of law, we shall sustain the trial justice's granting of summary judgment." *Accent Store Design, Inc. v. Marathon House, Inc.,* 674 A.2d 1223, 1225 (R.I.1996). A determination of whether a plaintiff is covered by an insurance policy "requires judicial construction of the policy language as a matter of law." *Mallane v. Holyoke Mutual Insurance Co.,* 658 A.2d 18, 20 (R.I.1995). A trial justice's ruling on this issue will not be disturbed absent an error of law. *Id.* In order to determine whether ambiguity exists, "we read the policy in its entirety, giving words their plain, ordinary, and usual meaning." *Id.* Additionally, we will not depart from the literal language of the policy absent a finding that the language of the policy is ambiguous. *Aetna Casualty & Surety Co. v. Sullivan,* 633 A.2d 684, 686 (R.I.1993).

 We are of the opinion that the present case falls squarely within our holding in *Martinelli v. Travelers Insurance Companies,* 687 A.2d 443 (R.I.1996), a case that dealt with an insurance policy containing the identical language as the policy before us. We are not satisfied that the insurance policies at issue in this case are ambiguous. On the declarations page of each policy, the "Insured" clearly is identified as the respective corporation. Further, under the section entitled "Who is an Insured," the term "You" refers to the insured, or a Class I insured, in this case, the corporation. Because there is no ambiguity in either policy, we decline to depart from the literal language and we accord to each policy its plain and ordinary meaning. Therefore, pursuant to the provisions of each policy, the corporation was the named insured, not the decedent. Accordingly, the decedent was not a Class I insured and was not entitled to uninsured motorist coverage.

We agree with the plaintiff that in *Martinelli,* this Court suggested that shareholders and employees acting within the scope of their employment might be considered the named insured for purposes of uninsured motorist coverage. However, there is no evidence tending to show that the decedent falls within this exception. *Martinelli,* 687 A.2d at 446. The plaintiff presented no direct evidence that the decedents were engaged in any business-related activity. Therefore, the grant of summary judgment was appropriate in this case.

Accordingly, the plaintiff's appeal is denied and dismissed and the summary judgment entered is affirmed. The papers in this case are remanded to the Superior Court.