Maria **MEDEIROS**, Executrix of the Estate of Edward Couto

v.

**ANTHEM CASUALTY INSURANCE GROUP et al.**

No. 2002–326–Appeal.

Supreme Court of Rhode Island.

May 15, 2003.

Michael S. Kiernan, West Warwick, for Plaintiff.

James S. D'Ambra, Mark P. Dolan, Providence, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The failure to exercise due diligence in discovering the existence of certain newly discovered but previously available evidence doomed the plaintiff's motion to vacate the summary judgment that the Superior Court entered against her in this case. The plaintiff, Maria Medeiros, executrix of the estate of Edward Couto (Couto), appeals from the denial of her motion to vacate summary judgment in favor of the defendants, Anthem Casualty Insurance Group and Shelby Insurance Company. The plaintiff contends that the court should have granted the motion based on newly discovered evidence.

On May 8, 1997, Couto and Richard Rampino (Rampino) (collectively referred to as the decedents) were involved in a fatal automobile accident while they were traveling in an automobile that Rampino owned. *See Medeiros v. Anthem Casualty Insurance Group*, 796 A.2d 1078, 1079 (R.I.2002) (per curiam) (*Medeiros*

*I*). On the date of the fatal accident, Amilcar Segura, an uninsured drunk driver, drove another vehicle, which struck the decedents' automobile while they were returning home to Rhode Island after attending a Red Sox game in Boston, Massachusetts. *Id.* The decedents each owned 25 percent of Tara Food Services, Inc. d/b/a West Valley Inn and Damien Corporation d/b/a Porino's Gourmet Foods (collectively referred to as the corporations). The two closely held corporations carried separate insurance policies providing coverage for two automobiles, neither of which was involved in the accident. *Id.* The corporations also carried uninsured motorist coverage, with each policy listing the respective corporation as the named insured. *Id.*

The plaintiff filed a civil action seeking uninsured motorist benefits from defendants under the policies they issued to the corporations. In due course, defendants filed a motion for summary judgment, which the Superior Court granted. The plaintiff then appealed the summary judgment to this Court. While that appeal was pending, plaintiff sought to vacate the summary judgment based on newly discovered evidence. Thus, she obtained an order from this Court remanding the case to the Superior Court so that she could obtain a ruling on the motion to vacate. On remand, the Superior Court denied the motion to vacate. The plaintiff also appealed from that second order, but never filed a motion to consolidate the two appeals that were pending before this Court. As a result, we heard plaintiff's first appeal on April 15, 2002, and then issued a decision on May 13, 2002, affirming the trial justice's decision granting summary judgment. *See Medeiros I*, 796 A.2d at 1080. In *Medeiros I*, we affirmed the judgment because, absent any evidence

that the decedents were acting in the course of their employment on behalf of the corporations when the accident occurred, summary judgment was proper. *See id.*

We now consider plaintiff's second appeal, which concerns the Superior Court's denial of plaintiff's motion to vacate its previous summary judgment ruling. This second appeal came before the Court for oral argument after we directed both parties to appear and show cause why the issues raised should not be decided summarily. After hearing the arguments of counsel and considering the memoranda of the parties, we conclude that cause has not been shown. Accordingly, we decide the appeal at this time.

In her motion to vacate the summary judgment, plaintiff asserted that the court should vacate the judgment in light of newly discovered evidence. She said that the newly discovered evidence originated from a separate Superior Court action concerning the same facts, *Rampino v. Insura Property and Casualty Insurance Company*, No. PC 00–2305. This alleged new evidence derived from a sworn affidavit that Alice Rampino (Mrs. Rampino), the wife of the other deceased accident victim, Richard Rampino, submitted in that case. There, Mrs. Rampino averred that her late husband had told her that the purpose of the decedents' trip to Boston was related to the business of the corporations. The plaintiff asserted that, upon obtaining this affidavit and a transcript of Mrs. Rampino's deposition, also taken in the other case, she discovered that on the date of the accident, Mrs. Rampino spoke with her husband on his cell phone while the decedents were traveling to Boston. According to plaintiff, Mrs. Rampino testified that her husband told her that he and Couto were going to a Red Sox game to discuss the business of Tara Food Services, Inc.

d/b/a West Valley Inn with other business associates. The plaintiff argued that the trial justice would not have granted the motion for summary judgment if this newly discovered evidence had been available at the time of the hearing on defendants' motion for summary judgment.

In response, defendants argued that plaintiff must prove not only that newly discovered evidence exists, but also that the evidence could not have been discovered by exercising due diligence before the court granted the summary judgment. The defendants asserted that the evidence in question could have been discovered with ordinary diligence before the court granted the summary judgment if plaintiff only had deposed Mrs. Rampino before the court ruled on the summary-judgment motion.

Denying the motion to vacate, the Superior Court motion justice found that plaintiff failed to demonstrate that this evidence could not have been discovered in a timely manner by exercising due diligence. Specifically, the trial justice pointed out that plaintiff could have exercised due diligence simply by deposing Mrs. Rampino.

On appeal, plaintiff argues that the outcome of the motion for summary judgment would have been different if the newly discovered evidence had been available at the time of that hearing. Further, plaintiff contends that the court's decision has resulted in inconsistent rulings based essentially upon the same evidence. The plaintiff cites *School Committee of South Kingstown v. State Commission for Human Rights*, 659 A.2d 1099, 1103 (R.I.1995) for the proposition that this Court deems it inappropriate when opposite conclusions arise from separate legal actions based upon the same evidence. She points out that in the above-cited Superior Court *Rampino* case relating to this car accident, the motion justice denied defendants' iden-

tical motion for summary judgment in light of Mrs. Rampino's testimony. The plaintiff asserts that the newly discovered evidence shows that Couto died in the course of his corporate employment, thereby triggering coverage under the policies. Therefore, she argues, the newly discovered evidence certainly would change the outcome of this case.

The plaintiff also insists that she could not have discovered this evidence previously through the exercise of ordinary diligence. She posits that she exercised due diligence by interviewing Couto's brother and sister. Further, she contends, Couto's brother conducted a thorough investigation of the whole incident. The plaintiff maintains that she did not have an opportunity to speak to Mrs. Rampino because she was represented by counsel. Finally, plaintiff suggests that the interests of Mrs. Rampino were somewhat adverse to her interests because both parties were making claims under the same policy and there was insufficient coverage to fully satisfy each party's losses.

The defendants argue that plaintiff did not exercise due diligence and that the newly discovered evidence is of such a nature that it could have been discovered with reasonable diligence. The defendants also maintain that a simple telephone call between plaintiff's counsel and Mrs. Rampino's attorney probably would have disclosed the evidence contained in Mrs. Rampino's affidavit. They contend that a deposition of Mrs. Rampino, a key individual, also would have revealed this evidence. The defendants state that plaintiff made no effort to conduct discovery concerning this issue, and that she should not have relied on Couto's brother or discovery conducted by a victim's family member to establish due diligence.

■ "Motions to vacate a judgment are addressed to the sound discretion of the trial justice, and his or her ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Gray v. Stillman White Co.*, 522 A.2d 737, 741 (R.I. 1987); *see also Bailey v. Algonquin Gas Transmission Co.*, 788 A.2d 478, 482 (R.I. 2002). Under Rule 60(b)(2) of the Superior Court Rules of Civil Procedure and our previous case law, a motion to vacate a judgment should not be granted on the grounds of newly discovered evidence unless (1) the evidence is material enough that it probably would change the outcome of the proceedings and (2) "the evidence was not discoverable at the time of the original hearing by the exercise of ordinary diligence." *Forcier v. Forcier*, 558 A.2d 212, 213 (R.I.1989); *see also Corrente v. Town of Coventry*, 116 R.I. 145, 147, 352 A.2d 654, 655 (1976). The plaintiff insists that she exercised due diligence, even though she did not cause Mrs. Rampino to be deposed. The plaintiff also argues that the newly discovered evidence was of such a nature that it would not have been discoverable with reasonable diligence. The defendants counter that a deposition of Mrs. Rampino would have revealed the evidence in question.

■ The trial justice ruled that plaintiff did not present enough evidence to show that she exercised due diligence. We agree. It is extremely likely that plaintiff would have turned up the "newly discovered" evidence if she simply had interviewed Mrs. Rampino, let alone deposed her. If Mrs. Rampino's counsel refused to allow her to be interviewed, or if she otherwise proved to be evasive, it was incumbent on plaintiff to subpoena her to a deposition and to obtain her testimony under oath. Due diligence demanded no less.

This Court previously has held that due diligence was not exercised when there was no evidence that the defendant's counsel actually tried to obtain testimony from

a key witness before a hearing. *See State v. Lanoue,* 117 R.I. 342, 348, 366 A.2d 1158, 1162 (1976). This holding supports the motion justice's conclusion in the case at bar. The plaintiff was not entitled to a vacation of the summary judgment because she did not exercise due diligence to discover the evidence that she now contends would have precluded summary judgment.

For these reasons, we deny the appeal and affirm the summary judgment for the defendant.