[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court is the motion of Travelers Casualty and Surety Company of America, which issued an Aetna Casualty Surety Company of American policy (hereinafter "Defendant"), for summary judgment pursuant to Super. R. Civ. P. 56. The instant case presents this Court with the same issue the Supreme Court of Rhode Island first addressed inMartinelli v. Travelers Insurance Companies, 687 A.2d 443 (R.I. 1996). This issue is "whether a principal shareholder or employee of a corporation may be considered a named insured for purposes of uninsured-motorist benefits under a policy that lists the corporation as the named insured." Id. at 444. The Court heard oral arguments on the motion on November 25, 2003.
 FACTS AND TRAVEL
On May 8, 1997, Edward Couto ("Couto") and Richard Rampino ("Rampino") were tragically killed in a car accident while returning from a Red Sox baseball game in Boston, Massachusetts. The two were traveling in a 1994 Isuzu Trooper, owned by Rampino, when they were struck from behind by a drunk and uninsured motorist. At the time of their deaths, Couto and Rampino each owned twenty-five percent of Tara Food Services, Inc., d/b/a West Valley Inn and Damien Corporation, d/b/a Porino's Gourmet Foods. The two closely-held corporations maintained a number of insurance policies. The policy at issue in this case pertains to uninsured motorist coverage ("UM") issued by Defendant to Damien Corporation, d/b/a Porino's Gourmet Foods ("Porino's"). Maria Medeiros, Executrix of the estate of Edward Couto ("Plaintiff"), brought this action against Defendant, seeking UM benefits under the Porino's policy.[1]
The pertinent part of the policy, as specified on the "Rhode Island Uninsured Motorist Coverage" page, provides benefits for "sums the `insured' is legally entitled to recover as compensatory damages from the owner or driver of an `uninsured motor vehicle' because of . . . `[b]odily injury' sustained by an `insured' and caused by an `accident'. . . ." The "Who is an Insured" section indicates that it provides UM benefits to
 "1. You.
 2. If you are an individual `family member.'
 3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto'. . . .
 4. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another insured.'"
"You" refers to the named insured, or Class I insured, which is identified on the declarations page as Porino's.[2]
Another at-issue provision on the "Rhode Island Uninsured Motorist Coverage" page is the exclusion commonly referred to as the "other owned auto" exclusion or the "owned but not insured" exclusion. See Dellagrottav. Liberty Mut. Ins. Co., 639 A.2d 980, 980-81 (R.I. 1994). This section provides that "this insurance does not apply to any of the following . . . 4. `[b]odily injury' sustained by you or any `family member' while `occupying' or struck by any vehicle owned by you or any `family member' that is not a covered `auto.'"
 MEDEIROS I
Previously, Plaintiff brought an action under a similar policy issued by Anthem Casualty Insurance Group and Shelby Insurance Company ("Anthem"). Anthem moved for summary judgment, and the Superior Court justice granted the request. The Supreme Court found summary judgment appropriate and affirmed the ruling in Medeiros v. Anthem CasualtyInsurance Group, 796 A.2d 1078 (R.I. 2002) ("Medeiros I"). Citing itsMartinelli ruling, the Court found the policy unambiguous because the declarations page of the policy clearly indicated that the corporation was the insured party. Medeiros I, 796 A.2d at 1080. The Court therefore concluded that Couto was not a Class I insured and not entitled to uninsured motorist coverage. Id.
 MEDEIROS II
While the Medeiros I appeal was pending, Plaintiff sought to vacate summary judgment based on newly discovered evidence. The Superior Court denied the motion to vacate, and Plaintiff appealed to the Rhode Island Supreme Court, which affirmed summary judgment in Medeiros v. AnthemCasualty Insurance Group, 822 A.2d 175 (R.I. 2003) ("Medeiros II"). Here, Plaintiff argued that the trial justice would not have granted summary judgment if certain newly discovered evidence had been available at the time.[3] Medeiros II, 822 A.2d at 177. In response, Anthem argued that the Plaintiff must prove both (1) the existence of newly discovered evidence, and (2) that the evidence could not have been discovered by exercising due diligence. Id. Anthem contended that the evidence could have been discovered with ordinary diligence, if Plaintiff had deposed Mrs. Rampino. Id. The Superior Court agreed with the Defendant, finding that the Plaintiff failed to demonstrate that the evidence could not have been discovered in a timely manner by exercising due diligence. The trial justice indicated that Plaintiff simply needed to depose Mrs. Rampino. Id. The Rhode Island Supreme Court affirmed the trial justice's refusal to vacate summary judgment, holding that Plaintiff's "failure to exercise due diligence in discovering the existence of certain newly discovered but previously available evidence doomed the plaintiff's motion to vacate the summary judgment. . . ."Medeiros II, 822 A.2d at 176.
 MEDEIROS III
In the instant case, Medeiros v. Aetna Casualty Surety Company ofAmerica, et al., No. PC01-4842 ("Medeiros III"), Defendant seeks summary judgment, contending that the Class I named insured is Porino's, not Couto. Defendant argues that the Court need not reach Plaintiff's allegation that a factual dispute exists as to whether the Red Sox trip was business related, which may implicate the Martinelli exception.[4]
Defendant relies on Martinelli and Medeiros I to conclude there is no ambiguity and no factual basis to establish the business-related exception. In the alternative, the Defendant briefly argues that the "other owned auto" exception would apply and exclude coverage to Couto. Defendant reasons that if Couto is a "you," then he is subject to the exclusion that applies when a policyholder owns an auto but does not cover it under the policy.[5]
Plaintiff contends that the Martinelli exception applies, thereby allowing Couto to be considered a named insured because he was engaged in a business-related activity. Plaintiff cites worker's compensation benefits cases to show that that the fateful trip satisfies the requisite nexus between the activity and employment. Plaintiff argues that, at the very least, it cannot be held as a matter of law that Couto's Red Sox trip was not business related. Plaintiff also cites other jurisdictions' rulings on this issue, which found similar policies ambiguous due to language referencing the corporation's "bodily injury" and "family."
 STANDARD OF REVIEW
"Summary judgment is a proceeding in which the proponent must demonstrate by affidavits, depositions, pleadings and other documentary matter . . . that he or she is entitled to judgment as a matter of law and that there are no genuine issues of material fact." Palmisciano v.Burrillville Racing Association, 603 A.2d 317, 320 (R.I. 1992) (citingSteinberg v. State, 427 A.2d 338 (R.I. 1981); Ludwig v. Kowal, 419 A.2d 297
(R.I. 1980)); Super. Ct. R. Civ. P. 56(c). When the moving party sustains its burden "[t]he opposing parties will not be allowed to rely upon mere allegations or denials in their pleadings. Rather, by affidavits or otherwise, they have an affirmative duty to set forth specific facts showing that there is a genuine issue of material fact." Bourg v. BristolBoat Co., 705 A.2d 969 (R.I. 1998) (citing St. Paul Fire MarineInsurance Co. v. Russo Brothers, Inc., 641 A.2d 1297, 1299 (R.I. 1994)).
During a summary judgment proceeding "the court does not pass upon the weight or credibility of the evidence but must consider the affidavits and other pleadings in a light most favorable to the party opposing the motion." Palmisciano, 603 A.2d at 320 (citing Lennon v. MacGregor,423 A.2d 820 (R.I. 1980)). Thus, the only task of a trial justice in ruling on a summary judgment motion is to determine whether there is a genuine issue concerning any material fact. Id. (citing Rhode IslandHospital Trust National Bank v. Boiteau, 376 A.2d 323 (R.I. 1977)). Therefore, "when an examination of the pleadings, affidavits, admissions, answers to interrogatories and other similar matters, viewed in the light most favorable to the party opposing the motion, reveals no such issue, the suit is ripe for summary judgment." Id. (citations omitted).
 APPLICABILITY OF THE MARTINELLI EXCEPTION
Defendant argues that Couto is not covered by the insurance policy because no ambiguity exists as "you" clearly refers to Porino's. Whether a plaintiff is covered by an insurance policy is a question of law for the court. Martinelli v. Travelers Insurance Companies, 687 A.2d at 445. Absent a finding that the policy is ambiguous, courts will not depart from the literal language of the policy. Medeiros I, 796 A.2d at 1080 (R.I. 2002) (citing Aetna Casualty Surety Co. v. Sullivan,633 A.2d 684, 686 (R.I. 1993)). In order to determine whether an ambiguity exists, the insurance policy is read in its entirety, giving words their plain, ordinary, and usual meaning. Medeiros I, 796 A.2d at 1080 (R.I. 2002) (citing Mallane v. Holyoke Mutual Insurance Co.,658 A.2d 18, 20 (R.I. 1995)). In the present case, "you" is clearly defined as referring to the named insured, and the declarations page clearly identifies Porino's as the named insured. Martinelli v. TravelersInsurance Companies, 687 A.2d at 445-46 (examining similar provision). Consequently, no ambiguity exists as to the insured party reference.
Plaintiff erroneously relies on other jurisdictions for its argument that the policy is ambiguous due to its "bodily injury" and "family" language. Our Supreme Court specifically rejected this argument inMartinelli. See id. Accordingly, Porino's, and not Couto, was unambiguously the named insured under the policy.
However, the Martinelli Court, left open the possibility of an exception whereby a shareholder may be considered the named insured for UM benefits when the corporation is named. Id. at 444, 446. The Court indicated that "[i]t is conceivable that a shareholder or an employee who is injured while acting within the scope of his or her employment might be considered the named insured for purposes of uninsured-motorist coverage." While the Court did not specifically outline the criteria for such a determination, the Court indicated that a legally insufficient situation would be a trip for "personal business," "personal reasons," or a "pleasure trip, with no connection to business." Martinelli, 687 A.2d at 446 (citing sister states finding the same). In Martinelli, a determination was not necessary on whether the shareholder was sufficiently engaged in employment-related activities for the purposes of being considered the named insured because the shareholder "was clearlyacting outside the scope of his employment at the time he wasinjured. . . ." Id. (emphasis added). Likewise, the Medeiros I
Court, agreeing that shareholders acting within the scope of their employment might be considered the named insured, affirmed summary judgment because "plaintiff presented no direct evidence that the decedents were engaged in any business-related activity." Medeiros I,
796 A.2d at 1080 (emphasis added). The Supreme Court specifically indicated that it "affirmed the judgment [in Medeiros I] because,absent any evidence that the decedents were acting in the course of their employment on behalf of the corporations when the accident occurred, summary judgment was proper." Medeiros II, 822 A.2d at 176-77 (emphasis added).
Accordingly, summary judgment is not proper in the present matter. Unlike Martinelli and Medeiros I, Plaintiff does in fact present evidence that the decedent shareholders were engaged in a business-related activity. It cannot be held as a matter of law that the decedents' Red Sox trip was either outside the scope of their duties as shareholders or for "personal business," "personal reasons," or a "pleasure trip, with no connection to business." Plaintiff presents sworn affidavits, deposition testimony, and exhibits that, viewed in a light most favorable to Plaintiff, indicate that (1) Couto and Rampino would only have gone to the game for business purposes and not for personal reasons; (2) Porino's does business with BJ's in Natick, Massachusetts; (3) while en route to the game, Couto and Rampino went to BJ's in Natick and a BJ's representative may have accompanied them to the game; (4) during the trip, Couto and Rampino discussed Porino's expansion and renovations to the West Valley Inn building with business associates over the telephone; and (5) gasoline for the trip was purchased on a corporate credit card.[6]
This Court is not finding that Plaintiff presented conclusive evidence that the decedents were acting within the scope of their duties as shareholders on Porino's behalf. A jury may ultimately reject this contention, but such a determination is one for the fact-finder. "The function of the motion justice considering a proposed summary-judgment motion is not to cull out the weak cases from the herd of lawsuits waiting to be tried. Rather, only if the case is legally dead on arrival should the court take the drastic step of administering last rites by granting summary judgment." Mitchell v. Mitchell, 756 A.2d 179, 185 (R.I. 2000). Unlike Martinelli and Medeiros I, Medeiros III is not "dead on arrival," as Plaintiff presents evidence that the Red Sox trip was a business-related activity, which cannot be resolved without trial.[7]
Plaintiff presents genuine issues of material fact concerning whether Couto and Rampino were acting within the scope of their business, which may invoke the exception contemplated in Martinelli v. TravelersInsurance Companies, 687 A.2d 443 (R.I. 1996).
Additionally, the Court rejects the argument Defendant made at the November 25, 2003 hearing. The Defendant argued that the Martinelli
exception is mere dicta and, even if applicable, it cannot be followed by this Court. Dictum is language in a decision that is not necessary to the Court's holding and, thus, not binding in subsequent cases. State v.Musumeci, 717 A.2d 56, 64 (R.I. 1998). While the Court is not bound by dicta, it is not prohibited from following it. Dicta "`may be followed if sufficiently persuasive' but are not binding." Central Green Co. v.United States, 531 U.S. 425, 431, 121 S.Ct. 1005, 1009, 148 L.Ed.2d 919, 926 (2001) (quoting Humphrey's Executor v. United States,295 U.S. 602, 627, 79 L.Ed. 1611, 55 S.Ct. 869 (1935)). It has also been held that
 "[c]arefully considered statements of the [United States] Supreme Court, even if technically dictum, must be accorded great weight and should be treated as authoritative when, as in this instance, badges of reliability abound. Federal appellate courts are bound by the Supreme Court's considered dicta almost as firmly as by the Court's outright holdings, particularly when . . . a dictum is of recent vintage and not enfeebled by any subsequent statement." United States v. Santana, 6 F.3d 1, 9 (1st Cir. 1993) (internal quotes and citations omitted).
Accordingly, even if the Martinelli exception were dicta and nonbinding, this Court is not prohibited from following it. TheMartinelli Court contemplated an exception if a certain situation arose. Here, such a situation has arisen, and this Court is following the guidance provided by the foresight of Rhode Island Supreme Court.
Moreover, even if the Martinelli exception constituted dicta, that is no longer the case. Subsequent to Martinelli, the Court directly affirmed summary judgment because the Martinelli exception was not shown. SeeMedeiros I, 796 A.2d at 1080 (holding summary judgment proper because plaintiff presented no direct evidence that decedents were engaged in business); see also Medeiros II, 822 A.2d at 176-77 (indicating it affirmed summary judgment in Medeiros I because no evidence was presented that decedents were acting in the course of their employment on behalf of the corporation). Consequently, this Court finds that Plaintiffs may rely on the exception contemplated in Martinelli v. Travelers InsuranceCompanies, 687 A.2d 443 (R.I. 1996).
 OTHER OWNED AUTO EXCLUSION
Defendant finally argues that if Couto is a "you" and considered a named insured, then he is subject to "the exclusion that applies when an auto `you' own, but not covered under the policy, is involved in the accident." Defendant's Memo at 9. This provision excludes coverage when policyholders are injured while occupying vehicles they own but do not cover under the policy. Defendant reasons that "[a]t the time of the accident, Rampino was occupying a vehicle he owned, and that was not a `covered auto.'"
Upon giving the words their plain, ordinary, and usual meaning, this Court finds no ambiguity and that the literal language of the provision does not exclude Couto from coverage. See Medeiros I, 796 A.2d at 1080 (R.I. 2002) (outlining analysis for judicial construction of insurance policies). The exclusion may apply if Couto owned the vehicle; however, it is undisputed that Rampino owned the vehicle. Therefore, the so-called "other owned auto" exclusion does not apply.
 CONCLUSION
Shareholders acting within the scope of their business on behalf of their corporation may be eligible for uninsured-motorist coverage when the policy lists the corporation as the insured. Plaintiff presents genuine issues of material fact regarding whether Edward Couto was engaged in business on his corporation's behalf when the accident occurred. Additionally, the so-called "other owned auto" exclusion does not apply because Couto did not own the vehicle involved in the accident. Consequently, this Court denies Defendant's motion for summary judgment.
[1] As more fully discussed below, the Plaintiff previously brought an action for benefits under a similar policy issued by Anthem Casualty Insurance Group and Shelby Insurance Company. See Medeiros v. AnthemCasualty Insurance Group, 796 A.2d 1078 (R.I. 2002). Additionally, a separate Superior Court action is currently pending concerning the other decedent. Rampino v. Insura Property and Casualty Insurance Company, No. PC 00-2305.
[2] A Class I insured is the named insured. A Class II insured is the occupant of an insured vehicle. Martinelli v. Travelers InsuranceCompanies, 687 A.2d at 445 n. 1 (citing Finch v. Centennial InsuranceCo., 650 A.2d 495, 497 (R.I. 1994)). Class I insureds receive broad protection while Class II insureds are only protected while occupying an insured vehicle with UM coverage. Finch v. Centennial Insurance Co.,650 A.2d 495 at 498 (R.I. 1994).
[3] In arguing the motion to vacate in Medeiros II, the Plaintiff indicated that
 "the newly discovered evidence originated from a separate Superior Court action concerning the same facts, Rampino v. Insura Property and Casualty Insurance Company, No. PC 00-2305. This alleged new evidence derived from a sworn affidavit that Alice Rampino (Mrs. Rampino), the wife of the other deceased accident victim, Richard Rampino, submitted in that case. There, Mrs. Rampino averred that her late husband had told her that the purpose of the decedents' trip to Boston was related to the business of the corporations. The plaintiff asserted that, upon obtaining this affidavit and a transcript of Mrs. Rampino's deposition, also taken in the other case, she discovered that on the date of the accident, Mrs. Rampino spoke with her husband on his cell phone while the decedents were traveling to Boston. According to plaintiff, Mrs. Rampino testified that her husband told her that he and Couto were going to a Red Sox game to discuss the business of Tara Food Services, Inc. d/b/a West Valley Inn with other business associates." Medeiros II, 822 A.2d at 177.
[4] See infra (discussing the Martinelli exception).
[5] At the summary judgment hearing held on November 25, 2003, counsel for Defendant indicated that this argument was "a mistake" and that the Court should disregard it. To be thorough, however, the Court will address the issue.
[6] Assuming the decedents were engaged in business, there is conflicting evidence as to on which corporation's behalf Couto and Rampino were acting, Porino's or West Valley Inn. This, of course, is a factual dispute for trial. Additional proffered evidence links the vehicle used for the trip and Red Sox tickets to the decedents' business; however, the evidence presented only indicates a nexus with West Valley Inn, not Porino's.
[7] This Court is not finding that any and all business-related activities are sufficient for a shareholder/employee to be considered the named insured when the corporation is named, as the Rhode Island Supreme Court has not fully resolved the issue. A potential test may require the fact-finder to determine that the "dominant motive and purpose" of the trip was business related or "related primarily" to business. Cf. Rudolphv. United States, 370 U.S. 269, 269, 276, 281 (discussing test where tax consequences depend on whether mixed business and pleasure trip is related primarily to business). Another potential test may be the "course of employment" test utilized in worker's compensation cases to determine if the injury was sustained in either a work-related or recreational-related activity. See Maggiacomo v. Rhode Island PublicTransit Authority, 508 A.2d 402, 403 (R.I. 1986). Nevertheless, this issue is outside the scope of this motion and need not be decided here; the instant case demands a factual inquiry as to the extent of the trip's business purpose.