DECISION
This matter is before the Court on Digital Federal Credit Union's ("Digital") Motion to Reconsider this Court's April 18, 2006 decision ("Decision") that denied Digital's motion to intervene in the above-captioned case. For the reasons set forth below, the motion is denied.
 Facts and Travel
In its prior Decision, this Court made the following findings of fact. On November 22, 2000, Tonetti Enterprises, Inc. ("Tonetti") entered into a lease agreement ("Lease Agreement") with 99A Management Corporation, pursuant to which Tonetti leased a piece of commercial property located at 1754 Mendon Road, Cumberland, Rhode Island. After several successions and assignments, Mendon Road Leasing Corporation ("MRLC") became the eventual lessee of the property. Important here, the Lease Agreement contained a clause requiring the tenant, in this case MRLC, to provide notice to Tonetti of any mortgagee of the property. Paragraph 8.1 of the Lease Agreement provides:
 "If the Tenant has given notice to Landlord of the name and address of any mortgagee of the demised premises, a duplicate copy of every notice to Tenant shall be given to said mortgagee at said address by registered or certified mail. . . . Such mortgagee shall have the same rights as Tenant and a reasonable period of time after receipt by it of notice of failure of Tenant to correct any failure of the Tenant."
After MRLC had allegedly failed to pay certain charges as was required under the Lease Agreement, Tonetti instituted the underlying action seeking judgment for rent and possession. Tonetti's claim was heard by the District Court, which granted Tonetti's request for possession after MRLC failed to appear at the hearing. MRLC thereafter filed a motion to vacate judgment that was denied on January 30, 2006. MRLC then appealed the denial of its motion to vacate judgment to this Court. It was not until this appeal was filed that on March 3, 2006, Digital filed its motion to intervene. Digital alleged that it had an interest in the property, that no existing party adequately represented its interest, and that it was entitled to have received notice from Tonetti of its suit against MRLC. According to Digital, it thus should have been allowed to intervene.
On February 3, 2003, MRLC had entered into a mortgage agreement with Digital. It is undisputed that Digital was never provided with notice of Tonetti's suit against MRLC before it was decided by the District Court. This Court, however, found that there was no evidence in the record that MRLC ever provided Tonetti with notice of Digital's mortgage interest, as was required by the Lease Agreement. While the record did contain documents pertaining to be Tonetti's waiver of MRLC's mortgage to Digital, those documents did not contain a signature by any of Tonetti's agents. Furthermore, Gino Tonetti, submitted an affidavit in which he swore the following:
 "I never received any notice from the Defendant herein of a mortgage of its assets at 1754 Mendon Road, Cumberland, Rhode Island. The first notice that I received of such mortgage was the memorandum of Defendant's counsel in this matter. Neither the Defendant nor its lender ever asked Tonetti Enterprises, LLC to acknowledge said mortgage. Upon information and belief, Section 8 of the Lease requires notice to the Landlord for the provision of notice to the lender to be triggered."
This Court therefore found that Digital did not have a sufficient interest in this suit as Tonetti was never required to provide it with notice of the underlying action. In order to have an interest in this matter, MRLC was required to give notice to Tonetti of the existence of Digital. There was no evidence in the record that demonstrated that MRLC ever informed Tonetti of Digital's mortgage. Consequently, the Court held that as Digital was not entitled to notice of the matter below, it did not have a sufficient interest in the case so as to be allowed to intervene on MRLC's motion to vacate.
On March 19, 2006, Digital filed its motion to reconsider, essentially asserting that MRLC did provide Tonetti with notice of Digital's mortgage. In support of this motion, Digital has submitted two affidavits as evidence that notice was provided. Accordingly, Digital asserts that as notice had been provided, Digital was entitled to notice of Tonetti's underlying action and thus has a sufficient interest to intervene at this juncture. The motion is now before this Court for decision.
 The Motion for Reconsideration
This Court first notes that motions for "reconsideration" are not included in the Rhode Island Rules of Civil Procedure. The Supreme Court of Rhode Island has held that the Court may treat motions for reconsideration as the equivalent of motions to vacate under Rule 60(b) of the Super. R. Civ. P. Flanagan v.Blair, 882 A.2d 569, 573-74 (R.I. 2005). "Motions to vacate a judgment are addressed to the sound discretion of the trial justice." Medeiros v. Anthem Casualty Insurance Group,822 A.2d 175, 178 (R.I. 2003). Rule 60(b) lists six reasons for which this Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding:
 "(1) mistake, inadvertence, surprise, or excusable neglect;
 (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
 (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
 (4) the judgment is void;
 (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
 (6) any other reason justifying relief from the operation of the judgment."
In support of its motion to reconsider, Digital relies upon the affidavits of attorneys Michael Kelly and John Mancini. In his affidavit, Kelly stated that he, as counsel for the tenant, had given to Tonetti notice of the name and address of the mortgagee (Digital) via telephone calls he had had with Tonetti's attorney on January 2 and January 3, 2003. Kelly further declared that on February 4, 2003, he received three original waivers of landlord, which he claims to have immediately forwarded to Tonetti's attorney. Similarly, Attorney John Mancini stated that Mendon Road had always operated with the understanding that the landlord had to consent to Digital's financing, and that he forwarded documents to Tonetti's attorney on February 4, 2003 to obtain the landlord's signature. Accordingly, Digital now argues that this Court erred by concluding that notice had not been provided to Tonetti of Digital's mortgage on the property. Thus, Digital maintains that it should have been given notice and has an interest in this dispute requiring this Court to allow it to intervene.
Digital is submitting new evidence, the two affidavits, that was not in the record below. "Under Rule 60(b)(2) of the Super. R. of Civ. P. and our previous case law, a motion to vacate a judgment should not be granted on the grounds of newly discovered evidence unless (1) the evidence is material enough that it probably would change the outcome of the proceedings and (2) `the evidence was not discoverable at the time of the original hearing by the exercise of ordinary diligence.'" Medeiros,822 A.2d at 178 (quoting Forcier v. Forcier, 558 A.2d 212, 213 (R.I. 1989)). In Medeiros, the plaintiff attempted to vacate a summary judgment the court had entered against her by introducing "newly discovered evidence" pursuant to Rule 60(b)(2). Particularly, the plaintiff attempted to introduce a witnesses' affidavit. Id. at 177. The Supreme Court of Rhode Island, however, found that the affidavit was not the type of new evidence contemplated by Rule 60(b)(2) because had the plaintiff used due diligence, she could easily have obtained the affidavit, or the information within, prior to the time summary judgment was entered. Id. at 178. Consequently, the Superior Court's denial of plaintiff's motion to vacate was affirmed.
Similar to the facts in Medeiros, Digital is attempting to vacate this Court's Decision by introducing the affidavits of attorneys Kelly and Mancini. Like the Medeiros plaintiff, though, Digital easily could have obtained these affidavits prior to this Court's Decision. Kelly and Mancini's statements are not "newly discovered evidence" because they were readily available to Digital at the time Digital made its original motion to intervene. The Supreme Court of Rhode Island has previously held that "due diligence was not exercised when there was no evidence that the defendant's counsel actually tried to obtain testimony from a key witness before a hearing." Id. at 178-79 (citingState v. Lanoue, 117 R.I. 342, 348, 366 A.2d 1158, 1162
(1976)). Here there is no evidence that Digital attempted to take the statement of either Kelly or Mancini prior to this Court's Decision on its motion to intervene.[1] Consequently, Digital has not exercised sufficient due diligence and thus cannot now rely on those affidavits as grounds for this Court to vacate its Decision.
Rule 60(b)(6) provides that the Court may vacate a decision for "any other reason justifying relief from the operation of the judgment." The Supreme Court of Rhode Island has held, though, that Rule 60(b)(6) was not intended to be a catchall and that "circumstances must be extraordinary to justify relief" under the rule. Bailey v. Algonquin Gas Transmission Co., 788 A.2d 478,483 (R.I. 2002) (quoting 1 Kent, Rhode Island Civil Practice § 60.08 at 456 (1969)). Similarly, the Court has explained that
 "the `other reason' clause should not be applied unless there has been a showing by appropriate evidence of circumstances that would establish a uniqueness that puts the case outside of the normal and usual circumstances accompanying failures to comply with the rules." Bailey, 788 A.2d at 486
(quoting Greco v. Safeco Insurance Co. of America, 107 R.I. 195, 198, 266 A.2d 50, 52 (1970)).
This Court finds that Digital has not presented evidence demonstrating unique and unusual circumstances that warrant this Court to vacate its Decision. Digital simply failed to introduce sufficient evidence to support its motion to intervene, namely evidence that notice of Digital's mortgage had been provided to Tonetti. The fact that Digital now wishes to support its motion with affidavits, the contents of which could have been discovered prior to this Court's Decision, is not an extraordinary circumstance which would justify this Court granting Digital's requested relief. Accordingly, Digital's motion to vacate pursuant to Rule 60 is denied.
 Conclusion
This Court treats motions to reconsider as motions to vacate pursuant to Super. R. Civ. P., Rule 60. Digital has failed to establish that this Court's prior Decision should be vacated for any of the grounds provided in Rule 60. Therefore, Digital's motion is hereby denied. Counsel shall submit the appropriate order, consistent with this Decision, for entry by the Court.
[1] For similar reasons, Digital has not shown that its failure to introduce the affidavits was due to excusable neglect under Rule 60(b)(1). "Unexplained neglect standing alone, and without more, will not justify granting a motion to vacate." GrahamArchitectural Products Corp. v. MJ Construction Co., Inc.,492 A.2d 150, 151 (R.I. 1985). Digital has not explained in any way why it failed to submit these affidavits sooner, and accordingly, its failing to introduce these documents into the record below could not constitute excusable neglect.